**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PENNSYLVANIA PUBLIC INTEREST RESEARCH GROUP,<br><br>Plaintiff,<br><br>v.<br><br>TINICUM TOWNSHIP DELAWARE COUNTY SEWAGE AUTHORITY, et al.,<br><br>Defendants. | : | CIVIL ACTION<br><br>No. 02-2625 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Pennsylvania Public Interest Research Group ("PennPIRG") failed to provide Tinicum Township (the "Township") and the Tinicum Township Delaware County Sewage Authority (the "Sewage Authority") with the proper form of statutorily required 60-day notice of intent to file suit, a mandatory prerequisite to commencing a citizen suit under the Clean Water Act. As a result, PennPIRG's claim under the Clean Water Act should be dismissed. After PennPIRG's Clean Water Act claim is dismissed, the Court lacks subject matter jurisdiction over PennPIRG's pendent state law claim under the Pennsylvania Clean Streams Law.

## I. BACKGROUND

PennPIRG instituted this citizen suit against the Township and the Sewage Authority under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and section 601 of the Pennsylvania Clean Streams Law ("CSL"), 35 Pa. Stat. § 691.601. PennPIRG's Complaint (copy attached as Exhibit 1) alleges that the Township and Sewage Authority violated the terms of the National Pollution Discharge Elimination System ("NPDES") Permit that regulates discharges from the Tinicum Township Sewage Treatment Plant.

Before filing suit under the CWA, a plaintiff is required to give 60 days advance notice of its intent to sue in the manner provided by the CWA and its implementing regulations. By letter dated February 8, 2002 (copy attached to the Complaint as Exhibit "A") addressed to "Robert J. Bernauer, Sr., Tinicum Township," PennPIRG gave notice of its intent to sue the Sewage Authority under the citizen suit provisions set forth in the CWA and the CSL for violations of the Sewage Authority's NPDES Permit. PennPIRG did not send notice to the Sewage Authority of its intent to sue. PennPIRG gave no notice to the Township or to the Sewage Authority of PennPIRG's intent to sue the Township. On May 1, 2002, PennPIRG filed this suit against both the Township and the Sewage Authority, alleging that its February 8, 2002 letter satisfied the statutory requirements to provide notice to the Township and the Sewage Authority of PennPIRG's intent to sue each of them. (Complaint at ¶ 10.)

## II. LEGAL ARGUMENT

### A. Because PennPIRG Failed to Comply with the CWA Citizen Suit Notice Provision, It Has Not Satisfied the Statutorily-Mandated Condition Precedent to Bringing Suit.

Federal courts have consistently interpreted the notice and delay requirements in environmental statutes as mandatory prerequisites to filing a citizen suit. Such notice provisions require, at a minimum, that a plaintiff provide notice to the party that it intends to sue, in a certain form and manner, of an alleged statutory violation, a specified number of days prior to filing suit. While the Supreme Court did not reach the issue whether the notice provision in a similar environmental statute was jurisdictional, the Third Circuit observed that the notice provision in the CWA "is a jurisdictional prerequisite." Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F. 3d 1179, 1189 (3d. Cir. 1995) (hereafter "NJPIRG"). In those

instances where a plaintiff has failed to comply with the statutory notice and delay provisions, the plaintiff's claims must be dismissed.

PennPIRG failed to direct notice to the Township that it intended to file a CWA citizen suit <u>against the Township</u> for violations of the Township's NPDES Permit. Likewise, PennPIRG failed to direct any notice to the Sewage Authority; PennPIRG's 60-day notice letter was directed to "Robert Bernauer, Tinicum Township." Because PennPIRG failed to properly direct notice to the parties against which it filed suit, PennPIRG failed to comply with the specific jurisdictional prerequisite for filing a citizen suit under the CWA. Therefore, the Court lacks subject matter jurisdiction to hear PennPIRG's CWA claim, and the Complaint against the Township and the Sewage Authority must be dismissed.

The citizen suit provision of the CWA provides that:

> [n]o action may be commenced . . . prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of EPA], (ii) to the State in which the alleged violation occurs, and (iii) <u>to any alleged violator</u> of the standard, limitation, or order . . . .

33 U.S.C. § 1365(b)(1)(A) (emphasis added). Federal regulations governing service of notice under the CWA's citizen suit provision provide in relevant part that "if the alleged violator is a State or local agency, service of notice shall be accomplished by certified mail addressed to . . . the head of such agency." 40 C.F.R. § 135.2 (a)(2). The Township, which leases the treatment plant from the Sewage Authority, holds the NPDES Permit that PennPIRG alleges has been violated. PennPIRG alleges that both the Township and the Sewage Authority, which are local agencies, violated the terms of the NPDES Permit. Therefore, under the CWA notice provision and the federal regulations, PennPIRG was required to send notice of its intent to file a CWA citizen suit to both the head of the Township and the head of the Sewage Authority. PennPIRG,

however, failed to direct notice of its intent to sue the Township and the Sewage Authority to each of them. Instead, PennPIRG directed notice to the Township of its intent to sue the Sewage Authority.

In Hallstrom v. Tillamook County, 493 U.S. 20 (1989), the United States Supreme Court held that the notice requirements in the Resource Conservation Recovery Act ("RCRA") "are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion." Id. at 31. Furthermore, the Court held that when a party files a citizen suit without having complied with the notice requirement, "the district court must dismiss the action as barred by the terms of the statute." Id. at 33 (emphasis added). The Third Circuit Court of Appeals extended the Hallstrom analysis to apply equally to the analogous citizen suit notice provision in the CWA. NJPIRG, 51 F.3d 1179, 1189 n.15 (3d Cir. 1995). In addition, the Third Circuit noted that the CWA's "notice provision is a jurisdictional prerequisite." Id.[1]

Following the Third Circuit's precedent, the District Court for the Eastern District of Pennsylvania has held that Hallstrom "applies with equal fervor to the citizen suit provision of the CWA." Raymond Proffitt Found., Inc. v. Reilly, No. 89-6891, 1990 U.S. Dist. LEXIS 2446, at *4 (E.D.Pa. Mar. 6, 1990) (Weiner, J.). The Court in Raymond Proffitt also held that "in light of the Supreme Court's decision in Hallstrom that compliance with a citizen suit 60 day notice requirement . . . is mandatory," notice in fact is not sufficient to satisfy the notice provision of the CWA. Id. Prior to Hallstrom, notice in fact of alleged CWA violations more than 60 days

[1] The Supreme Court declined to reach the question whether the 60-day notice provision in RCRA was jurisdictional, holding that the plaintiff must comply with the notice provision literally, and that "the notice and 60 day delay requirements are mandatory conditions precedent to commencing suit." Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989). Whether or not the CWA's 60-day notice provision is interpreted as jurisdictional, it nevertheless contains mandatory requirements that would-be plaintiffs must follow as a condition precedent to filing suit. Id.

before a citizen suit was filed satisfied the CWA notice provision. See e.g. Proffitt v. Commissioners, Township of Bristol, 754 F.2d 504, 506 (3d Cir. 1985). However, after Hallstrom, a plaintiff's failure to follow the literal requirements of the notice provision mandates dismissal, regardless of whether the defendant had notice in fact of the plaintiff's intent to sue. Raymond Proffitt, No. 89-6891, 1990 U.S. Dist. LEXIS 2446, at *5. Therefore, any argument that notice provided to "Mr. Robert J. Bernauer, Sr., Tinicum Township" of PennPIRG's intent to sue the Sewage Authority was notice in fact (1) to the Township of PennPIRG's intention to file a citizen suit against the Township; and (2) to the Sewage Authority of PennPIRG's intent to sue the Sewage Authority, cannot succeed. PennPIRG's failure to comply with the mandatory CWA citizen suit notice provision requires the dismissal of its CWA claim.

The circumstances surrounding PennPIRG's failure to comply with the CWA citizen suit notice provision are analogous to the circumstances in Darbouze v. Chevron Corp., No. 97-2970, 1988 U.S. Dist. LEXIS 81 (E.D.Pa. Jan. 8, 1998) (R.F. Kelly, J.), in which a plaintiff's claims under RCRA were dismissed for failure to comply with the RCRA citizen suit notice provision. In Darbouze, the plaintiff sent notice of his intent to file a RCRA citizen suit to the principle place of business of Chevron U.S.A., which was erroneously addressed to Chevron Corporation. As Chevron U.S.A. and Chevron Corporation were distinct corporate entities, Chevron U.S.A. moved to dismiss the complaint for lack of subject matter jurisdiction, claiming that the plaintiff's notice letter, addressed to Chevron Corporation, failed to satisfy the requirements of the RCRA citizen suit notice provision. The plaintiff argued, to no avail, that Chevron U.S.A. had actual notice of the intent to sue from its actual receipt of the letter addressed to Chevron Corporation and from its in-house counsel's receipt by regular mail of a carbon copy of the letter. Applying the strict analysis of Hallstrom to federal regulations requiring service of notice

by registered mail, return receipt requested on the owner of the facility alleged to be in violation, the Darbouze Court held that Chevron U.S.A. was not properly notified of the plaintiff's intent to file the RCRA citizen suit. Accordingly, the plaintiff's RCRA claim against Chevron U.S.A. was dismissed. Id. at *2-3.

The present case is analogous to Darbouze in many respects. In Darbouze, the Court held that Chevron U.S.A. was not properly notified of the plaintiff's intent to file a RCRA citizen suit because the plaintiff had erroneously addressed the notice letter to Chevron Corporation. Similarly, notice here of PennPIRG's intent to file a CWA citizen suit against the Sewage Authority was erroneously addressed to "Robert J. Bernauer, Sr., Tinicum Township," not to the Sewage Authority. PennPIRG provided no notice to anyone of an intent to sue the Township. In Darbouze, although Chevron Corporation and Chevron U.S.A. were closely related, and Chevron U.S.A.'s in-house counsel received a copy of the notice letter by regular mail, the Court applied the Hallstrom analysis and concluded that, although Chevron U.S.A. had notice in fact of the plaintiff's intent to sue, such notice failed to satisfy the statutory requirement that notice of the citizen suit be sent by certified mail, return receipt requested properly addressed to Chevron U.S.A. Similarly, PennPIRG's notice letter failed to satisfy the CWA citizen suit notice provision as to either the Township or the Sewage Authority. Therefore, as in Darbouze, the citizen plaintiff failed to satisfy the statutory requirements for providing notice of intent to sue, and the complaint against the Township and the Sewage Authority must be dismissed.

B. PennPIRG's Claims Under the Pennsylvania Clean Streams Law Should be Dismissed for Lack of Jurisdiction.

There is no diversity jurisdiction over PennPIRG's claim under the CSL, as both PennPIRG and the Defendants are citizens of Pennsylvania (Complaint at ¶¶ 13, 22, 23), and the Complaint does not allege diversity jurisdiction. Once the claim under the CWA is dismissed,

there is no longer a basis under 28 U.S.C. § 1367 for supplemental jurisdiction over PennPIRG's state law claim. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claim unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Because such considerations are not present here, PennPIRG's CSL claim should be similarly dismissed.

## III. CONCLUSION

For the foregoing reasons, PennPIRG's Complaint should be dismissed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

______________________________

Neil S. Witkes
Paul R. McIntyre
Attorneys for Defendants
Tinicum Township and Tinicum Township
Delaware County Sewage Authority

OF COUNSEL:

MANKO, GOLD, KATCHER & FOX, LLP
401 City Avenue
Suite 500
Bala Cynwyd, PA 19004
(484) 430-5700