IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNSYLVANIA PUBLIC INTEREST RESEARCH GROUP,** | : : : | **CIVIL ACTION** |
| Plaintiff, | : : | |
| v. | : : | |
| **TINICUM TOWNSHIP DELAWARE COUNTY SEWAGE AUTHORITY, et al.** | : : : : | |
| Defendants. | : | NO. 02-2625 |

**O R D E R**

**AND NOW**, this 17th day of October, 2002, upon consideration of the motion of defendants Tinicum Township ("the Township") and Tinicum Township Delaware County Sewage Authority ("the Sewage Authority") (collectively, "defendants") for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 5) and the response thereto, the Court finds and concludes the following:

1. This action is a citizen suit under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and section 601 of the Pennsylvania Clean Streams Law ("CSL"), 35 Pa.C.S. § 691.601, in which plaintiff Pennsylvania Public Interest Research Group ("PennPIRG") alleges that defendants violated the terms of the National Pollution Discharge Elimination System ("NPDES") Permit that regulates discharges from the Tinicum Township Sewage Treatment Plant ("the Plant"). The Plant is owned by the Sewage Authority and leased and operated by the Township. Defendants have moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) for lack of

subject matter jurisdiction and failure to state a claim.[1]

2. A motion under Rule 12(b)(1) may take the form of either a factual or a facial challenge to subject matter jurisdiction. See Singer v. Commissioner of Internal Revenue Service, No. 99-2783, 2000 U.S. Dist. LEXIS 57, at *9 (E.D. Pa. Jan. 7, 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)); Gould Elecs., Inc. v. United States, No. 99-1130, 1999 U.S. Dist. LEXIS 15769, at *2 (E.D. Pa. Oct. 12, 1999) (citing Mortensen, 549 F.2d at 891). Where there is a factual challenge to subject matter jurisdiction, the court is "not confined to allegations in the plaintiff's complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (citing Mortensen, 549 F.2d at 891-92). The plaintiff bears the burden of persuasion on a Rule 12(b)(1) motion. See Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222, 111 S. Ct. 2839 (1991) (citing Mortensen, 549 F.2d at 891); see also Development Fin. Corp. v. Alpha Hous. & Health Care, 54 F.3d 156, 158 (3d Cir. 1995). Nevertheless, plaintiff's burden on a Rule 12 (b) (1) factual challenge to jurisdiction is lower than the burden on a Rule 12 (b) (6) motion for failure to state a claim. See Gould, 1999 U.S. Dist. LEXIS 15769, at *3 (citing Growth Horizons, Inc., v. Delaware County, 983 F.2d 1277, 1280-81 (3d Cir. 1993)).

3. Under the CWA, no citizen suit may be commenced prior to sixty days after the plaintiff has given notice of the alleged violation to the alleged violator of the statute. See 33

---

[1] Although defendants present this motion under Rule 12(b)(6), they set forth only arguments of jurisdiction under Rule 12(b)(1). Consequently, the Court will analyze the motion under the standard for Rule 12(b)(1).

U.S.C. § 1365(b)(1)(iii). In <u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 31, 107 L. Ed. 2d 237, 110 S. Ct. 304 (1989), the United States Supreme Court held that the 60 day notice provision was a mandatory condition precedent to commencing a citizen suit in the context of a Resource Conservation and Recovery Act claim. As a footnote to a decision determining an attorney fee petition, the Third Circuit Court of Appeals held that under <u>Hallstrom</u>, the 60 day notice provision was a "jurisdictional prerequisite" before a court could entertain a CWA action. <u>Public Interest Research Group of New Jersey, Inc. v. Windall</u>, 51 F.3d 1179 (3d Cir. 1995) (granting attorney compensation for time devoted to intent to sue letter).

4. On February 8, 2002, PennPIRG sent a letter by certified mail to the attention of "Mr. Robert J. Bernauer, Sr., Tinicum Township, 629 N. Governor Printz Blvd., Essington, PA 19029" notifying him of its intent to sue the Sewage Authority for violations of the CWA and the CSL. (Compl., Exh. A.) Specifically, the letter provides in relevant part, "This notice is provided . . . of Pennsylvania Public Interest Research group's ("PennPIRG") intent to file suit against Tinicum Township Delware County Sewage Authority ("Tinicum") for illegal discharges and violations at the Tinicum facility located at 125 Chippewa Street, Lester, PA 19029." Although defendants do not contend that they did not receive actual notice of the intent-to-sue letter, they challenge this letter as insufficient notice to both the Sewage Authority and the Township, as it reflected no intention to sue the Township, nor was it addressed to the Sewage Authority.

5. In support of its argument regarding PennPIRG's failure to include the name of the Sewage Authority in the address, defendants cite to <u>Darbouze v. Chevron Corp.</u>, No. 97-

2970, 1998 U.S. Dist. LEXIS 81 (E.D. Pa. Jan. 8, 1998). In <u>Darbouze</u>, a notice of intent to file suit was sent to the principle place of business of the defendant Chevron USA, but was erroneously addressed to a second related but independent corporate defendant, Chevron Corp. This notice was held to be inadequate notice as against Chevron USA.

6. Federal regulations prove instructions on the service and contents of notice under the CWA; the statute mandates that the regulations shall be followed. <u>See</u> 40 C.F.R. §§ 135.2, 135.3; <u>see</u> also 33 U.S.C. § 1365(b) ("Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation."). The regulations provide, in relevant part, "If the alleged violator is an individual or corporation, service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the owner or managing agent of the building, plant, installation, vessel, facility or activity alleged to be in violation." 40 C.F.R. § 135.2(a)(1). The Sewage Authority is registered as a corporation in the state of Pennsylvania. (Pl. Exh. B.) Plaintiff has attached several NPDES Discharge Monitoring Reports for the Plant between December 2001 and May 2002. (Pl. Exh. A.) The December 2001 NPDES Discharge Monitoring Report ("December 2001 Report") lists the Sewage Authority as what the Court determines is the "Permittee Name." The December 2001 report was sent to the attention of "Robert J. Bernauer/Plant Mgr." Mr. Bernauer further signed the December 2001 Report, above a line under which is printed the words "Principal Executive Officer or Authorized Agent" on behalf of the reporting party, and included the title of his position as "Superintendant/Chief Operator." The December 2001 Report lists the address for Mr. Bernauer and the Sewage Authority as it was used in the plaintiff's notice letter. I find

      that notice of plaintiff's intent to sue the Sewage Authority was properly served by certified mail to Mr. Bernauer as the managing agent of the plant allegedly in violation of the statute. The mere fact that the heading of the letter fails to list the Sewage Authority behind Mr. Bernauer's name does not defeat service of notice upon it. I therefore conclude that the Court maintains jurisdiction over the action against the Sewage Authority.

7.    Similarly, plaintiff has met its burden in persuading the Court that jurisdiction exists over the action against the Township. Defendants have not moved to dismiss the action against the Township for failure to send notice to the proper party, but contend instead that the notice should have specified the plaintiff's intent to sue the Township. Nevertheless, a review of the statute and the regulations reveals no such requirement, nor have defendants provided any case to support this proposition. The CWA provides in relevant part that no action could be commenced, "prior to sixty days after the plaintiff has given notice <u>of the alleged violation</u> . . . ." 33 U.S.C. § 1365 (b)(1)(A) (emphasis added). The regulations further provide,

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address and telephone number of the person giving notice.

40 C.F.R. § 135.3(a). Thus there is no requirement that the notice provided under the regulations or the statute include notice of the intent to sue. I find that the notice sent by

      PennPIRG contains sufficient information for the Township to comprehend that CWA violations were allegedly taking place at the Plant, and contains sufficient notice of which violations are charged. Defendants do not contest the Township was in fact operating the Plant when it received the notice letter. I find that the letter was sufficient to serve as proper notice under the requirements of the statute, and thus conclude that jurisdiction exists over the action against the Township.

8.     Because jurisdiction exists over the CWA claims asserted, the Court will exercise its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the motion of defendants for dismissal is **DENIED**.

 

                                                         **LOWELL A. REED, JR., S.J.**